IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID J. HYDE, D.D.S.,

    *Plaintiff*,

    v.

MARYLAND STATE BOARD OF
DENTAL EXAMINERS et al.,

    *Defendants*.

Civil Action No. ELH-16-2489

## MEMORANDUM

Plaintiff David J. Hyde, D.D.S., filed a civil rights complaint (ECF 1-1) on July 7, 2016, against the Maryland State Board of Dental Examiners (the "Board"), alleging that the Board unlawfully revoked his dental license. The suit was filed pursuant to 42 U.S.C. § 1983, asserting a violation of Hyde's due process rights under the Fifth and Fourteenth Amendments and an unlawful taking of a vested property right, without just compensation, in violation of the Fifth Amendment. *See* ECF 1-1. In addition, Hyde alleged violations of Article 24 of the Maryland Declaration of Rights and Article III, § 40 of the Maryland Constitution, as well as a common law claim for breach of contract. *Id.*

Plaintiff's original complaint was dismissed, without prejudice, by Order of July 7, 2017 (ECF 43), for the reasons set forth in a Memorandum Opinion of the same date. *See* ECF 42. Plaintiff was given 21 days from that date to file an amended complaint. *Id.* On July 28, 2017, plaintiff timely sought to file an amended complaint (ECF 44), but failed to identify the amendments to the pleading, as required by Local Rule 103.6(c). Over a month later, plaintiff properly filed his Amended Complaint. ECF 46. Plaintiff's Amended Complaint appears to assert against the Board the same claims alleged in the initial Complaint. *See id.* at 10-12.

Additionally, plaintiff has named two other defendants in the Amended Complaint: Ngoc Q. Chu, DDS (alleged to be the president of the Board, *id.* ¶ 8), and Friends Medical Laboratory, Inc. (alleged to be an agent of the Board, *id.* ¶ 9). Several additional claims are asserted against these new defendants. *See* ECF 46 at 12-13. Plaintiff may also have sued the State of Maryland, which is mentioned in several of the claims interchangeably with the Board, but is not discussed as a party. *See id.* at 1, 3-4, 10.

The Board moved to strike the Amended Complaint as untimely filed or, in the alternative, to dismiss. ECF 47 ("Motion"). I denied the motion to strike (ECF 48), and stated that I would consider the motion to dismiss. Thereafter, plaintiff responded in opposition to the Motion. ECF 51 ("Opposition"). Defendant did not reply.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, and as set out more fully in my Memorandum Opinion of July 7, 2017 (ECF 42), incorporated herein to the extent relevant, I shall grant the Motion as to the Board.

## I.    Discussion

In my Memorandum Opinion of July 7, 2017, I dismissed plaintiff's claims against the Board on the ground that the suit was barred by the Eleventh Amendment to the Constitution. *See* ECF 42 at 15. Because plaintiff's claims in the Amended Complaint are substantially unchanged, the Board has moved to dismiss, for the reasons previously stated in its prior motion to dismiss. *See* ECF 17; ECF 47-1 at 4 (incorporating ECF 17).

Here, as in my prior Memorandum Opinion, I shall consider the motion to dismiss on the basis of the Eleventh Amendment as a motion pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction. *See* ECF 42 at 5-6 (citing *Beckham v. National R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 548 (D. Md. 2008)); *see also Abril v. Com. Of Virginia*, 145 F.3d

182, 184 (4th Cir. 1998) (affirming the district court's dismissal of a claim barred by state sovereign immunity under Rule 12(b)(1)).

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any Foreign State." Thus, states enjoy immunity from suits brought in federal court by their own citizens, even though the text of the Eleventh Amendment does not explicitly address such a scenario. *See Hans v. Louisiana*, 134 U.S. 1, 3 (1890); *see also Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court.").

Sovereign immunity under the Eleventh Amendment also bars suit against an instrumentality of a state, sometimes referred to as an "arm of the state," absent waiver or a valid congressional abrogation of sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). The Board is an entity or arm of the State of Maryland. *See* Md. Code (2014 Repl. Vol., 2017 Supp.), § 4-201 of the Health Occupations Article ("H.O."). Therefore, sovereign immunity, unless waived, bars suit against the Board.

The Court of Appeals for the Fourth Circuit has noted three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state. They are (1) explicit Congressional abrogation of the Eleventh Amendment; (2) prospective injunctive relief against a state official in his or her official capacity; and (3) voluntary waiver. *See Lee-Thomas v. Prince*

*George's Cnty. Pub. Sch.*, 666 F.3d 244, 249 (4th Cir. 2012). As discussed more thoroughly in ECF 42, those exceptions do not apply to plaintiff's claims against the Board itself.

Plaintiff offers no argument in his Opposition that can overcome the Eleventh Amendment's bar to his claims. In the Amended Complaint, plaintiff expands his assertion that the suspension of his dental license is an unconstitutional taking under the Fifth and Fourteenth amendments. *See* ECF 51 at 4-5. However, the Eleventh Amendment bars such a claim against the State in federal court. *See Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 552 (4th Cir. 2014). Accordingly, for the reasons set out in ECF 42, plaintiff's claims against the Board shall be dismissed. And, to the extent that plaintiff intended to name the State of Maryland as a separate party, any claims against it shall also be dismissed.

## II.    Other Defendants

As noted, plaintiff has added two new defendants. *See* ECF 46, ¶¶ 8, 9. However, it does not appear that plaintiff has effected service of process on them. *See* Docket. Fed. R. Civ. P. 4(m) requires a plaintiff to serve defendants "within 90 days after the complaint is filed." If any defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.*

Moreover, Local Rule 103.8 provides that "the Court may enter an order asking the party to show cause why the claim should not be dismissed" if a plaintiff "has not effected service of process within 90 days" of filing the suit. The same Local Rule states that "the claim shall be dismissed without prejudice" if the plaintiff fails to show cause within "within fourteen (14) days of the entry of the order or such other time as may be set by the Court."

Therefore, plaintiff is directed to effect service of process on the remaining defendants by April 30, 2018, or to show cause by April 30, 2018, why the claims against these defendants

should not be dismissed under Fed. R. Civ. P. 4(m) and Local Rule 103.8 for failure to effect service of process.

### III.    Conclusion

For the reasons stated above, I shall GRANT the Board's Motion under Fed. R. Civ. P. 12(b)(1).  An Order follows.


Date:   April 11, 2018                                    _____/s/_____
                                                          Ellen Lipton Hollander
                                                          United States District Judge